1   MORGAN, LEWIS & BOCKIUS LLP
    Melinda S. Riechert, Bar No. 65504
2   Nancy Villarreal, Bar No. 273604
    1400 Page Mill Road
3   Palo Alto, CA  94304
    Tel:    +1.650.843.4000
4   Fax:    +1.650.843.4001
    melinda.riechert@morganlewis.com
5   nancy.villarreal@morganlewis.com

6   MORGAN, LEWIS & BOCKIUS LLP
    Christopher J. Banks, Bar No. 218779
7   One Market, Spear Street Tower
    San Francisco, CA  94105-1596
8   Tel:    +1.415.442.1000
    Fax:    +1.415.442.1001
9   christopher.banks@morganlewis.com

10  Attorneys for Defendants
    DXC TECHNOLOGY SERVICES LLC; HP INC.
11  (improperly named as HP Computing and Printing
    Inc.); and HEWLETT PACKARD ENTERPRISE
12  COMPANY

13                 UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16  PATRICIA A. PEREZ, on behalf of herself, all     Case No.
17  others similarly situated,
                                                      **DEFENDANTS' NOTICE OF**
18                          Plaintiff,                **REMOVAL**

19              vs.                                   **[28 U.S.C. §§ 1331, 1441, 1446]**

20  DXC TECHNOLOGY SERVICES LLC, a
    Delaware limited liability company;
21  HEWLETT PACKARD ENTERPRISE
    COMPANY, a Delaware corporation; HP
22  COMPUTING AND PRINTING INC., a
    Delaware Corporation; COMPUTER
23  SCIENCES CORPORATION, a Nevada
    Corporation; and DOES 1 through 50
24
25                          Defendants.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF PATRICIA A. PEREZ AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants DXC Technology Services LLC, HP Inc. (improperly named as HP Computing and Printing Inc.),[1] and Hewlett Packard Enterprise Company (collectively, "Defendants"), by and through their counsel of record, submit this Notice of Removal of Action ("Notice of Removal") and, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove to this Court the state action described below:

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1331 ("Section 1331") based upon the existence of a federal question.

Defendants make the following allegations in support of their Notice of Removal:

## I.    JURISDICTION

This Court has original jurisdiction under Section 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(c) in that it is a civil action that presents a federal question.  As set forth below, this case meets all of Section 1331's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    VENUE

Plaintiff Patricia A. Perez ("Plaintiff") filed this action in the Superior Court of California for the County of Santa Clara ("Santa Clara County Superior Court").  Thus, venue for removal properly lies in the United States District Court for the Northern District of California (28 U.S.C. § 84(a), 1446) and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this district embraces the place in which the removed state action is and has been pending.

## III.    TIMELINESS OF REMOVAL

This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and

---

[1]    Defendant Computer Sciences Corporation has not yet been served with the Complaint. Those named as defendants but not yet served need not join the notice of removal.  *Destfino v. Reiswig*, 630 F3d 952, 955 (9th Cir. 2011) (codefendants not properly served need not join).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32160527.2

1

DEFENDANTS' NOTICE OF REMOVAL

1   complaint.  28 U.S.C. § 1446(b).  Plaintiff filed her Complaint in the Santa Clara County Superior

2   Court on October 10, 2017.  Defendants HP Inc. and DXC Technology Services LLC were served

3   with the Complaint on October 16, 2017.  Exhibits A and B.  Defendant Hewlett Packard

4   Enterprise Company has also been served with the Complaint.  Accordingly, this Notice of

5   Removal is timely.

6   **IV.    PLEADINGS, PROCESS, AND ORDERS**

7           On October 10, 2017, Plaintiff filed a putative wage-and-hour class action complaint in

8   the Superior Court of the State of California in and for the County of Santa Clara, entitled

9   *Patricia A. Perez v. DXC Technology Services, LLC, a Delaware limited liability company;*

10  *Hewlett Packard Enterprise Company, a Delaware corporation; HP Computing and Printing*

11  *Inc., a Delaware Corporation; Computer Sciences Corporation, a Nevada Corporation; and*

12  *DOES 1 through 50*, Case Number 17CV317094, ("Complaint") alleging Defendants failed to

13  pay Plaintiff and all putative collective action members for all hours worked in violation of the

14  Fair Labor Standards Act ("FLSA"), 29. U.S.C. Section 201, *et seq*. (Compl., ¶¶ 118-128), and

15  for violations of various California state wage-and-hour laws, including: (1) failure to provide

16  meal periods (Cal. Lab. Code §§ 204, 223, 226.7, 512, and 1198); (2) failure to provide rest

17  periods (Cal. Lab. Code §§ 204, 223, 226.7, and 1198); (3) failure to pay hourly wages (Cal. Lab.

18  Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); (4) failure to pay vacation wages (Cal.

19  Lab. Code § 227.3); (5) failure to provide accurate written wage statements (Cal. Lab. Code

20  § 226(a); (6) failure to timely pay all final wages (Cal. Lab. Code § 201-203); (7) failure to pay

21  employees for all hours worked (29 U.S.C § 201, *et seq*.); and (8) Unfair Competition (Bus. &

22  Prof. Code §§ 17200, *et seq*.).  A true and correct copy of Plaintiff's Summons, Complaint, Civil

23  Case Cover Sheet, and Order Deeming Case Complex and Staying Discovery is attached hereto

24  as Exhibit A.

25          Pursuant to 28 U.S.C. § 1446(a), the attached exhibit constitutes all process, pleadings and

26  orders served upon Defendants or filed or received in this action by Defendants.

27  ///

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32160527.2

2

DEFENDANTS' NOTICE OF REMOVAL

## V.   FEDERAL QUESTION JURISDICTION

This Court has original jurisdiction over this action pursuant to federal question jurisdiction. 28 U.S.C. § 1331.  Specifically, the district courts of the United States have original jurisdiction over all civil actions that pose a federal question, such that the action arises under the Constitution, laws, or treaties of the United States.  *Id.*

Plaintiff's Complaint arises under and relates to the FLSA, a federal statute, and therefore, removal is proper.  In her Seventh Cause of Action, Plaintiff alleges that Defendants failed to pay her and other putative collective action members for all hours worked in accordance with the FLSA.  (Exh. A, Compl., ¶¶ 118-128.)

Accordingly, this lawsuit falls directly under the civil enforcement provisions of the FLSA and presents a federal question.  It is well established that actions brought under the FLSA are removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695–696 (2003) (claim for alleged violation of the FLSA provides basis for federal question removal). Accordingly, Defendants may remove this case to this Court pursuant to Section 1331 and 28 U.S.C. § 1441(b) because it is a civil action that arises under the laws of the United States.

## VI.   SUPPLEMENTAL JURISDICTION

Plaintiff's Complaint alleges a total of seven causes of action, in addition to the cause of action for unpaid wages and overtime under the FLSA.  The remaining seven causes of action alleged in the Complaint are based on the same factual allegations relating to Plaintiff's employment with Defendants.  This Court has supplemental jurisdiction over Plaintiff's state law wage-and-hour causes of action because such claims are sufficiently related to Plaintiff's claim under the FLSA, which presents a federal question and is within the Court's original jurisdiction, that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  *See Rivera v. Rivera*, 2011 WL 1878015 (N.D. Cal. May 17, 2011) (court found supplemental jurisdiction existed over plaintiffs' California Labor Code and UCL claims based on court's federal question jurisdiction over FLSA overtime claim).  Further, Plaintiff's state law claims do not involve any novel or complex issue of state law, do not substantially predominate over Plaintiff's FLSA cause of

1    action, and no exceptional or compelling circumstances exist for this Court to decline jurisdiction.

2    28 U.S.C. § 1367(a).

3    **VII.    NOTICE TO THE STATE COURT AND PLAINTIFF**

4          Following the filing of this Notice of Removal in the United States District Court for the

5    Northern District of California, Defendants will promptly serve Plaintiff with this Notice of

6    Removal and will file a copy of this Notice with the clerk of the Santa Clara County Superior

7    Court, the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

8    **VIII.    CONCLUSION**

9          Based on the foregoing, Defendants respectfully request that this action be removed to this

10   Court.  If any question arises as to the propriety of the removal of this action, Defendants

11   respectfully request the opportunity to present a brief and oral argument in support of its position

12   that this case is removable.

13   Dated: October 23, 2017                    MORGAN, LEWIS & BOCKIUS LLP

14

15                                      By   */s/ Melinda S. Riechert*

16                                           Melinda S. Riechert
                                             Christopher J. Banks
17                                           Nancy Villarreal
                                             Attorneys for Defendants
18                                           DXC TECHNOLOGY SERVICES LLC;
                                             HP INC.; and HEWLETT PACKARD
19                                           ENTERPRISE COMPANY

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 32160527.2              DEFENDANTS' NOTICE OF REMOVAL