Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
William M. Pao (SBN 219846)
    william@setarehlaw.com
Alexandra R. McIntosh (SBN 320904)
    alex@setarehlaw.com
SETAREH LAW GROUP
315 S Beverly Drive, Suite 315
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
PATRICIA A. PEREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA A. PEREZ, on behalf of herself, all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>DXC TECHNOLOGY SERVICES LLC, a Delaware limited liability company; HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation; HP COMPUTING AND PRINTING INC., a Delaware corporation; COMPUTER SCIENCES CORPORATION, a Nevada corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 5:17-cv-06066-BLF<br><br>Assigned For All Purposes to the Honorable Beth Labson Freeman, Courtroom 3<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT**<br><br>1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);<br>3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>4.  Failure to Pay Vacation Wages (Lab. Code § 227.3);<br>5.  Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>6.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>7.  Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*);<br>8.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>9.  Civil Penalties (Lab. Code §§ 2698 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

1   Plaintiff PATRICIA A. PEREZ (referred to as "Plaintiff"), on behalf of herself, all others

2   similarly situated, and the general public, complains and alleges as follows:

3   **INTRODUCTION**

4   1.   Plaintiff brings this class and representative action against defendants DXC

5   TECHNOLOGY SERVICES LLC, a Delaware limited liability company; HEWLETT PACKARD

6   ENTERPRISE COMPANY, a Delaware corporation; ENTERPRISE SERVICES, LLC, a

7   Delaware limited liability company; HP ENTERPRISE SERVICES LLC, a Delaware limited

8   liability company; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for

9   alleged violations of the Labor Code and Business and Professions Code.  As set forth below,

10  Plaintiff alleges that Defendants:

11          (a)      failed to provide her and all other similarly situated individuals with meal

12                   periods;

13          (b)      failed to provide them with rest periods;

14          (c)      failed to pay premium wages for missed meal and/or rest periods;

15          (d)      failed to pay them for all hours worked;

16          (e)      failed to pay overtime wages at the correct rate;

17          (f)      failed to pay double time wages at the correct rate;

18          (g)      failed to pay overtime and double time wages at the correct rate by failing to

19                   include all applicable remuneration in calculating the regular rate of pay;

20          (h)      failed to provide them with accurate written wage statements;

21          (i)      failed to timely pay them all of their final wages following separation of

22                   employment;

23          (j)      failed to comply with the Fair Labor Standards Act ("FLSA") (28 U.S.C.

24                   section 201, *et seq.*).

25      Based on these alleged violations, Plaintiff now brings this class and representative action

26  to recover unpaid wages, restitution, and related relief on behalf of herself, all others similarly

27  situated, and the general public.

28  ///

1    **JURISDICTION AND VENUE**

2        2.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to

3    28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative

4    class' federal statutory rights under the Fair Labor Standard Act (28 U.S.C. sections 201 *et seq.*).

5        3.     This Court has supplemental jurisdiction over Plaintiff's and the putative class' state

6    law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to

7    Plaintiff's and the putative class' federal wage and hour claims that they form parts of the same

8    case or controversy under Article III of the United States Constitution.

9        4.     Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because

10   a substantial part of the events and omissions giving rise to the claims alleged in this complaint

11   occurred in this District.

12   **PARTIES**

13       5.     Plaintiff PATRICIA A. PEREZ ("Plaintiff") is, and at all relevant times mentioned

14   herein, an individual residing in the State of California.

15       6.     Plaintiff is informed and believes, and thereupon alleges that Defendant DXC

16   TECHNOLOGY SERVICES LLC ("DXC") is, and at all relevant times mentioned herein, a

17   Delaware limited liability company doing business in the State of California.

18       7.     Plaintiff is informed and believes, and thereupon alleges that Defendant HEWLETT

19   PACKARD ENTERPRISE COMPANY ("HPEC") is, and at all relevant times mentioned herein, a

20   Delaware corporation doing business in the State of California.

21       8.     Plaintiff is informed and believes, and thereupon alleges that Defendant HP

22   ENTERPRISE SERVICES, LLC ("HP") is, and at all relevant times mentioned herein, a Delaware

23   limited liability company doing business in the State of California.

24       9.     Plaintiff is informed and believes, and thereupon alleges that Defendant

25   ENTERPRISE SERVICES, LLC ("ES") is, and at all times mentioned herein, a Delaware limited

26   liability company doing business in the State of California.

27       10.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of

28   participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50,

1   inclusive, but is informed and believes that said defendants are legally responsible for the conduct

2   alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend

3   this complaint to allege both the true names and capacities of the DOE defendants when

4   ascertained.

5       11.     Plaintiff is informed and believes that each defendant acted in all respects pertinent

6   to this action as the agent of the other defendants, carried out a joint scheme, business plan or

7   policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to

8   each of the other defendants.

9                               **CLASS ALLEGATIONS**

10      12.     This action has been brought and may be maintained as a class action pursuant to

11  Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among

12  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

13  unaware of any difficulties likely to be encountered in managing this case as a class action.

14      13.     **Relevant Time Period**: The relevant time period is defined as the time period

15  beginning four years prior to the filing of this action until judgment is entered.

16      14.     The class and sub-class members are defined as follows:

17  **Sales Consultant Class:**  All persons employed by Defendants and/or any staffing
    agencies and/or any other third parties who worked as inside sales consultants and/or
18  with similar job titles or duties in California during the **Relevant Time Period.**

19          **Sales Consultant Meal Period Sub-Class:**  All **Sales Consultant Class**
            members who worked a shift in excess of five hours during the **Relevant**
20          **Time Period.**

21          **Sales Consultant Rest Period Sub-Class:**  All **Sales Consultant Class**
            members who worked a shift of at least three and one-half (3.5) hours during
22          the **Relevant Time Period.**

23          **Sales Consultant Wage Statement Penalties Sub-Class:**  All **Sales**
            **Consultant Class** members employed by Defendants in California during the
24          period beginning one year before the filing of this action and ending when
            final judgment is entered.
25
            **Sales Consultant Waiting Time Penalties Sub-Class:**  All **Sales**
26          **Consultant Class** members who separated from their employment with
            Defendants during the period beginning three years before the filing of this
27          action and ending when final judgment is entered.

28  **Vacation Pay Class:** All persons employed by Defendants in California who earned

                                      3
                    SECOND AMENDED CLASS ACTION COMPLAINT

1    paid vacation days, including, but not limited to, "Floating Holidays," without
2    receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

3    **Wage Statement Penalties Class:**  All persons employed by DXC in California
4    during the period beginning one year before the filing of this action and ending when final judgment is entered.

5    **Waiting Time Penalties Class:**  All persons employed by DXC in California who
6    separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

7    **FLSA Class:**  All **Sales Consultant Class** members who worked in the United
8    States during the **Relevant Time Period**.

   **UCL Class:**  All **Sales Consultant Class** members employed by Defendants in
9    California during the **Relevant Time Period**.

10    15.    **Reservation of Rights:**  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

11 right to amend or modify the class definitions with greater specificity, by further division into sub0-

12 classes, and/or by limitation to particular issues.

13    16.    **Numerosity:**  The class members are so numerous that the individual joinder of each

14 individual class member is impractical. While Plaintiff does not currently know the exact number of

15 class members, Plaintiff is informed and believes that the actual number exceeds the minimum

16 required for numerosity under California law.

17    17.    **Commonality and Predominance:**  Common questions of law and fact exist as to

18 all class members and predominate over any questions which affect only individual class members.

19 These common questions include, but are not limited to:

20        A.    Whether Defendants maintained a policy or practice of failing to provide

21              employees with their meal periods;

22        B.    Whether Defendants maintained a policy or practice of failing to provide

23              employees with their rest periods;

24        C.    Whether Defendants failed to pay premium wages to class members when

25              they have not been provided with required meal and/or rest periods;

26        D.    Whether Defendants failed to pay minimum and/or overtime wages to class

27              members as a result of policies that fail to provide meal periods in accordance

28              with California law;

1      E.     Have Defendants used payroll formulas that systematically fail to account for

2          non-discretionary bonuses and/or other applicable remuneration when

3          calculating regular rates of pay for class members;

4      F.     Have Defendants failed to pay overtime wages to class members as a result of

5          incorrectly calculating their regular rates of pay;

6      G.     Whether Defendants have failed to pay premium wages to class members

7          based on their respective "regular rates of compensation" by not including

8          commissions and/or income in calculating the rates at which those wages are

9          paid;

10     H.     Whether Defendants have failed to provide for proportionate accruals for

11         vested vacation time for class members as required by California law;

12     I.     Have Defendants subjected the "vacation time" and/or "floating holidays"

13         they offer to class members to forfeiture;

14     J.     Whether Defendants failed to provide class members with accurate written

15         wage statements as a result of providing them with written wage statements

16         with inaccurate entries for, among other things, amounts of gross and net

17         wages, and total hours worked;

18     K.     Whether Defendants applied policies or practices that result in late and/or

19         incomplete final wage payments;

20     L.     Whether Defendants are liable to class members for waiting time penalties

21         under Labor Code section 203;

22     M.     Whether class members are entitled to restitution of money or property that

23         Defendants may have acquired from them through unfair competition.

24    18.    **Typicality**:  Plaintiff's claims are typical of the other class members' claims.

25 Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of

26 failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

27    19.    **Adequacy of Class Representative**:  Plaintiff is an adequate class representative in

28 that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

1  members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

2  and adequately represent and protect the interests of the other class members.

3        20.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

4  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

5  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

6  behalf of Plaintiff and absent class members.

7        21.    **Superiority:**  A class action is vastly superior to other available means for fair and

8  efficient adjudication of the class members' claims and would be beneficial to the parties and the

9  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

10  and efficiently prosecute their common claims in a single forum without the unnecessary

11  duplication of effort and expense that numerous individual actions would entail.  In addition, the

12  monetary amounts due to many individual class members are likely to be relatively small and would

13  thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

14  Moreover, a class action will serve an important public interest by permitting class members to

15  effectively pursue the recovery of moneys owed to them.  Further, a class action will prevent the

16  potential for inconsistent or contradictory judgments inherent in individual litigation.

17        **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18        22.    Plaintiff was hired by Defendants' predecessors sometime on or about June 23, 2003

19  as an hourly, non-exempt employee who worked in California.

20        **Misclassification as Exempt Employee**

21        23.    Plaintiff and the putative class were misclassified as exempt employees when in fact

22  they were non-exempt employees.  Plaintiff's job duties include reviewing a customer's scope of

23  work, determining products and services that will meet the scope of work needed by the customer,

24  and pricing the entire purchase.

25        24.    Plaintiff and the putative class regularly worked more than eight hours each

26  workday, and more than forty hours each workweek.  Plaintiff the putative class were paid a fixed

27  salary regardless of the hours they worked and were not paid any overtime compensation.

28        25.    Plaintiff and the putative class did not perform duties, more than fifty percent (50%)

1   of the time, that would qualify them as exempt employees under the Professional, Executive or

2   Administrative exemptions.  Moreover, Plaintiff and the putative class also did not qualify under the

3   Outside Salesperson exemption as they were working in Defendants' offices.  Accordingly, Plaintiff

4   and the putative class were entitled to all the protections afforded to them as non-exempt employees

5   under California law.

6       26.     As a result of being misclassified as an exempt employee, the time spent by Plaintiff

7   and the putative class were not accurately recorded by the timekeeping system utilized by

8   Defendants and therefore resulted in the failure to pay Plaintiff and the putative class for all hours

9   actually worked and overtime compensation.

10                              **Missed Meal Periods**

11      27.     Plaintiff and the putative class members were not provided with meal periods of at

12  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

13  scheduling each meal period as part of each work shift; (2) chronically understaffing each work

14  shift with not enough workers; (3) imposing so much work on each employee such that it made it

15  unlikely that an employee would be able to take their breaks if they wanted to finish their work on

16  time; and (4) no formal written meal and rest period policy that encouraged employees to take their

17  meal and rest periods.

18      28.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not

19  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

20  worked due to complying with Defendants' productivity requirements that required Plaintiff and the

21  putative class to work through their meal periods in order to complete their assignments on time.

22                              **Missed Rest Periods**

23      29.     Plaintiff and the putative class members were not provided with rest periods of at

24  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

25  Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically

26  understaffing each work shift with not enough workers; (3) imposing so much work on each

27  employee such that it made it unlikely that an employee would be able to take their breaks if they

28  wanted to finish their work on time; and (4) no formal written meal and rest period policy that

1  encouraged employees to take their meal and rest periods.

2       30.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

3  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

4  due to complying with Defendants' productivity requirements that required Plaintiff and the

5  putative class to work through their rest periods in order to complete their assignments on time.

6                           **Regular Rate of Pay**

7       31.    The regular rate of pay under California law includes all remuneration for

8  employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to,

9  commissions and non-discretionary bonuses.

10       32.    During the applicable limitations period, Defendants violated the rights of Plaintiff

11  and the putative class under the above-referenced Labor Code sections by failing to pay them

12  overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194, and

13  1198 as a result of not correctly calculating their regular rate of pay to include all applicable

14  remuneration, including, but not limited to, commissions and non-discretionary bonuses.

15                           **Vacation Pay**

16       33.    Vacation wages are considered a form of wages under Labor Code section 200.

17  Vested vacation pay and other similar forms of paid time off earned based on labor performed are

18  considered wages that cannot be subject to forfeiture without compensation for forfeited days at the

19  applicable rates required by law.

20       34.    At all relevant times, Defendants maintained policies that provide for the unlawful

21  forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic*

22  *Dress-Up Co.*, 31 Cal. 3d 774 (1982).

23       35.    Plaintiff and the putative class were entitled to vacation accrual during their

24  employment with Defendants.  Upon termination, Plaintiff and the putative class were not paid out

25  all accrued vacation pay.

26                  **Inaccurate Wage Statements**

27       36.    Plaintiff and the putative class were not provided with accurate wage statements as

28  mandated by law pursuant to Labor Code section 226.

1      37.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

2  earned" were not accurately reflected in that:

3            A.    Any applicable meal and rest break premiums were not included;

4            B.    Hourly and overtime wages for off-the-clock work were not included;

5            C.    Regular rate of pay was not properly calculated.

6      38.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

7  worked by the employee" were not accurately reflected in that:

8            A.    Hourly and overtime wages for off-the-clock work were not included;

9      39.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

10  earned" were not accurately reflected in that:

11           A.    Any applicable meal and rest break premiums were not included;

12           B.    Hourly and overtime wages for off-the-clock work were not included;

13           C.    Regular rate of pay was not properly calculated.

14      40.    Defendants failed to comply with Labor Code section 226(a)(8) as the "name and

15  address of the legal entity that is the employer" is not properly reflected.

16      41.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

17  hourly rates in effect during the pay period and the corresponding number of hours worked at each

18  hourly rate by the employee" were not accurately reflected in that:

19           A.    Hourly and overtime wages for off-the-clock work were not included;

20           B.    Regular rate of pay was not properly calculated.

21                     **FIRST CAUSE OF ACTION**

22                 **FAILURE TO PROVIDE MEAL PERIODS**

23              **(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**

24         **(By Plaintiff and Sales Consultant Meal Period Sub-Class)**

25      42.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26  herein.

27      43.    At all relevant times, Plaintiff and the **Sales Consultant Meal Period Sub-Class**

28  members have been non-exempt employees of Defendants entitled to the full meal period

1   protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order

2   ("Wage Order").

3       44.     Labor Code section 512 and section 11 of the applicable Wage Order impose an

4   affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-

5   free, meal periods of at least thirty minutes for each work period of five hours, and to provide them

6   with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten

7   hours.

8       45.     Labor Code section 226.7 and section 11 of the applicable Wage Order  both prohibit

9   employers from requiring employees to work during required meal periods and require employers to

10  pay non-exempt employees an hour of premium wages on each workday that the employee is not

11  provided with the required meal period.

12      46.     Compensation for missed meal periods constitutes wages within the meaning of the

13  Labor Code section 200.

14      47.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

15  violate the Wage Order.

16      48.     Section 11 of the applicable Wage Order states:

17      "No employer shall employ any person for a work period of more than five (5) hours
        without a meal period of not less than 30 minutes, except that when a work period of not
18      more than six (6) hours will complete the day's work the meal period may be waived by
        mutual consent of the employer and employee.  Unless the employee is relieved of all duty
19      during a 30 minute meal period, the meal period shall be considered an "on duty" meal
        period and counted as time worked.  An "on duty" meal period shall be permitted only
20      when the nature of the work prevents an employee from being relieved of all duty and when
        by written agreement between the parties an on-the-job paid meal period is agreed to.  The
21      written agreement shall state that the employee may, in writing, revoke the agreement at
        any time."  8 Cal. Code Regs. § 11040(11).
22
        49.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period
23
    agreement.  Plaintiff is informed and believes that, at all relevant times, **Sales Consultant Meal**
24
    **Period Sub-Class** members were not subject to valid on-duty meal period agreements with
25
    Defendants.
26
        50.     Plaintiff alleges that, at relevant times during the applicable limitations period,
27
    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Sales**
28

1 **Consultant Meal Period Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes

2 for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage

3 Order.

4     51.    Plaintiff alleges that at all relevant times during the applicable limitations period and

5 as matters of policy and practice, Defendants have failed to pay premium wages to **Sales**

6 **Consultant Meal Period Sub-Class** members when they worked five (5) hours without clocking

7 out for any meal period.

8     52.    Plaintiff alleges that at all relevant times during the applicable limitations period and

9 as matters of policy and practice, Defendants employed **Sales Consultant Meal Period Sub-Class**

10 members for shifts of ten (10) or more hours without providing them with second meal periods and

11 without paying them premium wages, as required by Labor Code section 512 and the applicable

12 Wage Order.

13     53.    Moreover, Defendants written policies do not provide that employees must take their

14 first meal break before the end of the fifth hour of work, that they are entitled to a second meal

15 break if they work a shift of over ten (10) hours, or that the second meal period must commence

16 before the end of the tenth hour of work, unless waived.

17     54.    At all relevant times, Defendants failed to pay Plaintiff and **Sales Consultant Meal**

18 **Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the

19 employees' regular rates of pay when required meal periods were not provided.

20     55.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself

21 and the **Sales Consultant Meal Period Sub-Class** members, seeks to recover unpaid premium

22 wages, interest thereon, and costs of suit.

23     56.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

24 substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

25 **Sales Consultant Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

26 ///

27 ///

28 ///

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (By Plaintiff and Sales Consultant Rest Period Sub-Class)

57.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

58.     At all relevant times, Plaintiff and **Sales Consultant Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

59.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

60.     Labor Code section 226.7 and section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

61.     Compensation for missed rest periods constitutes wages within the meaning of the Labor Code section 200.

62.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

63.     Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Sales Consultant Rest Period Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

64.     At all relevant times, Defendants failed to pay Plaintiff and other **Sales Consultant Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

65.     Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

66.     Plaintiff and the **Sales Consultant Rest Period Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

67.     As a result of Defendants' policy, Plaintiff and the **Sales Consultant Rest Period Sub-Class** were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and **Sales Consultant Rest Period Sub-Class** to work through their rest periods in order to complete their assignments on time.

68.     Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Sales Consultant Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

69.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Sales Consultant Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (By Plaintiff and Sales Consultant Class)

70.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

71.     At all relevant times, Plaintiff and **Sales Consultant Class** members are or have

1  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the
2  applicable Wage Orders.

3      72.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during
4  which an employee is subject to the control of an employer, and includes all the time the employee
5  is suffered or permitted to work, whether or not required to do so."

6      73.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt
7  employees at least the minimum wage set forth therein for all hours worked, which consist of all
8  hours that an employer has actual or constructive knowledge that employees are working.

9      74.    Labor Code section 1194 invalidates any agreement between an employer and an
10  employee to work for less than the minimum or overtime wage required under the applicable Wage
11  Orders.

12      75.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated
13  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in
14  addition to the underlying unpaid minimum wages and interest thereon.

15      76.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less
16  than the minimum wage required under the applicable Wage Orders for all hours worked during a
17  payroll period.

18      77.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other
19  person acting either individually or as an officer, agent, or employee of another person, to pay an
20  employee, or cause an employee to be paid, less than the applicable minimum wage.

21      78.    Labor Code section 1198 makes it unlawful for employers to employ employees
22  under conditions that violate the Wage Order.

23      79.    Labor Code section 204 requires employers to pay non-exempt employees their
24  earned wages for the normal work period at least twice during each calendar month on days the
25  employer designates in advance and to pay non-exempt employees their earned wages for labor
26  performed in excess of the normal work period by no later than the next regular payday.

27      80.    Labor Code section 223 makes it unlawful for employers to pay their employees
28  lower wages than required by contract or statute while purporting to pay them legal wages.

1      81.    Labor Code section 510 and section 3 of the applicable Wage Order require

2 employers to pay non-exempt employees overtime wages of no less than one and one-half times

3 their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

4 hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

5 the seventh consecutive day of one workweek.

6      82.    Labor Code section 510 and section 3 of the applicable Wage Order also require

7 employers to pay non-exempt employees overtime wages of no less than two times their respective

8 regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

9 worked in excess of eight hours on a seventh consecutive workday during a workweek.

10      83.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

11 centrally devised policies and practices to him and **Sales Consultant Class** members with respect to

12 working conditions and compensation arrangements.

13 **Regular Rate of Pay**

14      84.    The regular rate of pay under California law includes all remuneration for

15 employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to,

16 commissions and non-discretionary bonuses.

17      85.    During the applicable limitations period, Defendants violated the rights of Plaintiff

18 and the putative class under the above-referenced Labor Code sections by failing to pay them

19 overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194, and

20 1198 as a result of not correctly calculating their regular rate of pay to include all applicable

21 remuneration, including, but not limited to, commissions and non-discretionary bonuses.

22      86.    At all relevant times, Plaintiff and **Sales Consultant Class** members have been non-

23 exempt employees of Defendants and entitled to the full protections of both the Labor Code and the

24 Wage Order.

25      87.    Labor Code section 512 and Section 11 of the Wage Order impose an affirmative

26 obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal

27 periods of at least thirty minutes for each work period of five or more hours, and to provide them

28 with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of

1   more than ten hours.

2       88.   Labor Code section 226.7 and Section 11 of the Wage Order prohibit an employer

3   from requiring its employees to work during required meal periods and also require employers to

4   pay non-exempt employees an additional hour of premium wages at the employee's regular rate of

5   compensation on each workday that the employee is not provided with a meal period.

6       89.   Section 12 of the Wage Order imposes an affirmative obligation on employers to

7   permit and authorize employees to take required rest periods at a rate of no less than ten minutes of

8   net rest time for each four hour work period, or major portion thereof, that must be in the middle of

9   each work period insofar as is practicable.

10       90.   Labor Code section 226.7 and Section 12 of the Wage Order prohibit an employer

11   from requiring its employees to work during required rest periods and also require employers to pay

12   non-exempt employees an additional hour of premium wages at the employee's regular rate of

13   compensation on each workday that the employee is not provided with a rest period.

14       91.   California law uses the terms "compensation" and "pay" interchangeably and

15   requires that all applicable remuneration, including, but not limited to, commissions and non-

16   discretionary bonuses, be included when calculating an employee's regular rate of pay.

17       92.   At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

18   compensation that did not reflect, among other things, non-discretionary bonuses and/or shift

19   differential pay as required by Labor Code section 226.7(b) and Sections 11 and 12 of the Wage

20   Order on the occasions when Defendants paid him premium wages in lieu of meal and/or rest

21   periods.

22       93.   Plaintiff is informed and believes and thereon alleges that, at all relevant times,

23   Defendants have maintained a policy and practice of paying **Sales Consultant Class** members

24   premium wages based on rates of compensation that have not reflected commissions and/or non-

25   discretionary bonuses as required by Labor Code section 226.7(b) and Sections 11 and 12 of the

26   Wage Order on the occasions when Defendants paid them premium wages in lieu of meal and/or

27   rest periods.

28       94.   Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

1  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

2  **Sales Consultant Class** members, seeks to recover reasonable attorneys' fees.

3  ### FOURTH CAUSE OF ACTION

4  **FAILURE TO PAY VACATION PAY**

5  **(Lab. Code § 227.3)**

6  **(By Plaintiff and Vacation Pay Class)**

7  95.    Labor Code section 227.3 prohibits employers from subjecting vacation pay to

8  unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay

9  its terminated employees for all of their vested and unused vacation pay.

10  96.    Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up*

11  *Co.*, 31 Cal. 3d. 774 (1982) and Labor Code section 227.3, vested vacation pay and other similar

12  forms of paid time off earned based on labor performed are considered wages that cannot be subject

13  to forfeiture without compensation for forfeited days at the applicable rates required by law.

14  97.    At all relevant times, Defendants have subjected the vested vacation time and of both

15  Plaintiff and **Vacation Pay Class** members to unpaid forfeiture.

16  98.    *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982), holds that a proportionate

17  right to vacation pay vests on a pro rata basis as the employee renders labor.

18  99.    Plaintiff is informed and believes and thereon alleges that, at all relevant times and in

19  violation of Labor Code section 227.3, Defendants have maintained a unlimited vacation policy to

20  which Plaintiff and **Vacation Pay Class** members are, or have been, subject, under which

21  employees vacation not taken by the end of the calendar year and/or at termination of employment

22  is subject to unlawful forfeiture.

23  100.   Plaintiff has lost money or property as a result of unfair competition in that

24  Defendants have not paid Plaintiff and the **Vacation Pay Class** for all vested and unused vacation

25  pay at the end of the calendar year and/or at termination of employment in violation of Labor Code

26  sections 201, 204, 223 and/or 227.3.

27  ///

28  ///

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff, Sales Consultant Wage Statement Penalties Sub-Class and Wage Statement Penalties Class)

101.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

102.   Labor Code section 226(a) states in pertinent part the following:

"(a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

103.   Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Sales Consultant Wage Statement Penalties Sub-Class and Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

104.   Plaintiff is informed and believes that Defendants' failures to provide him and **Sales Consultant Wage Statement Penalties Sub-Class and Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the

1   ability to provide them with accurate wage statements but have intentionally provided them with
2   written wage statements that Defendants have known to not comply with Labor Code section
3   226(a).

4       105.   Plaintiff and **Sales Consultant Wage Statement Penalties Sub-Class and Wage**
5   **Statement Penalties Class** members have suffered injuries, in that Defendants have violated their
6   legal rights to receive accurate wage statements and have misled them about their actual rates of pay
7   and wages earned.  In addition, inaccurate information on their wage statements has prevented
8   immediate challenges to Defendants' unlawful pay practices, has required discovery and
9   mathematical computations to determine the amount of wages owed, has caused difficulty and
10   expense in attempting to reconstruct time and pay records, and/or has led to the submission of
11   inaccurate information about wages and deductions to state and federal government agencies.

12       106.   Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Sales**
13   **Consultant Wage Statement Penalties Sub-Class and Wage Statement Penalties Class**
14   members, seeks the greater of actual damages or $50.00 for the initial pay period in which a
15   violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in
16   which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of
17   $4,000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

18   **SIXTH CAUSE OF ACTION**
19   **FAILURE TO TIMELY PAY ALL FINAL WAGES**
20   **(Lab. Code §§ 201-203)**
21   **(Plaintiff, Sales Consultant Waiting Time Penalties Sub-Class and Waiting Time Penalties**
22   **Class)**

23       107.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
24   herein.

25       108.   At all relevant times, Plaintiff and **Sales Consultant Waiting Time Penalties Sub-**
26   **Class and Waiting Time Penalties Class** members have been entitled, upon the end of their
27   employment with Defendants, to timely payment of all wages earned and unpaid before termination
28   or resignation.

109.     At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

110.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

111.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

112.     During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code section 201 by failing to timely pay him all of his final wages.

113.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Sales Consultant Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code sections 201 or 202.

114.     Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Sales Consultant Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code sections 201 and 202 by failing to timely pay them all final wages.

115.     Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Sales Consultant Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

116.     Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and **Sales Consultant Waiting Time Penalties Sub-Class and Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

117.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine,

1   and/or the common fund doctrine, Plaintiff, on behalf of herself and **Sales Consultant Waiting**

2   **Time Penalties Sub-Class and Waiting Time Penalties Class** members, seeks awards of

3   reasonable costs and attorneys' fees.

4   ### SEVENTH CAUSE OF ACTION

5   ### FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED

6   ### IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

7   ### (29 U.S.C. §§ 201, *et seq.*)

8       118.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

9   herein.

10      119.    At all material times herein, Plaintiff and all similarly situated **FLSA Class** members

11   who submit "Consents to Become Party Plaintiffs" are or were employed by and engaged in

12   providing services necessary to description of duties by Defendants, and have been entitled to the

13   rights, protections, and benefits provided under the FLSA, 29 U.S.C. sections 201 *et seq.*

14      120.    The FLSA requires, among other things, that employers pay employees the minimum

15   wage for all time worked plus overtime. 29 U.S.C. sections 206, 207, 215.

16      121.    At all material times, the (example: start-end travel time, inspection time, and

17   meeting time described above) is necessarily and directly related to the principal activities of the

18   employee's duties, and thus constitutes compensable time under the FLSA and is subject to the

19   FLSA's overtime requirements. 29 C.F.R. section 785.38.

20      122.    At all material times herein, Defendants have violated the FLSA by failing to to pay

21   Plaintiff for all hours worked and at the applicable rate of pay.

22      123.    At all material times herein, Defendants have violated the FLSA by failing to pay

23   **FLSA Class** at one-and-one-half (1.5) times the regular rate of pay when meeting time causes an

24   employee's total hours worked to exceed forty (40) hours in a week.

25      124.    Defendants have also violated the FLSA by failing to keep required, accurate records

26   of all hours worked by **FLSA Class** members. 29 U.S.C. section 2ll(c).

27      125.    Plaintiffs and all similarly situated employees are victims of a uniform and entity-

28   wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all

1  employees employed by Defendants.

2      126.   Plaintiffs and all similarly situated individuals are entitled to damages equal to the

3  mandated pay and overtime premium pay within the three (3) years preceding the filing of this

4  Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or

5  showed reckless disregard of whether their conduct was prohibited by the FLSA.

6      127.   Defendants have acted neither in good faith nor with reasonable grounds to believe

7  that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly

8  situated individuals are entitled to recover an award of liquidated damages in an amount equal to the

9  amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the

10  applicable rate. 29 U.S.C. section 216(b).

11      128.   As a result of violations of the FLSA's minimum wage and overtime pay provisions,

12  Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated

13  individuals. Defendants are liable for unpaid compensation, together with an amount equal as

14  liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. section 216(b).

15                **EIGHTH CAUSE OF ACTION**

16                **UNFAIR COMPETITION**

17            **(Bus. & Prof. Code §§ 17200, *et seq.*)**

18              **(By Plaintiff and UCL Class)**

19      129.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

20  herein.

21      130.   Business and Professions Code section 17200 defines "unfair competition" to

22  include any unlawful business practice.

23      131.   Business and Professions Code sections 17203–17204 allow a person who has lost

24  money or property as a result of unfair competition to bring a class action in accordance with Code

25  of Civil Procedure section 382 to recover money or property that may have been acquired from

26  similarly situated persons by means of unfair competition.

27      132.   California law requires employers to pay hourly, non-exempt, employees for all

28  hours they are permitted or suffered to work, including hours that the employer knows or

1 | reasonably should know that employees have worked.

2 | 133. Plaintiff and the **UCL Class** re-alleges and incorporates by reference the FIRST,

3 | SECOND, THIRD, FOURTH and SEVENTH causes of action herein.

4 | 134. Plaintiff lost money or property as a result of the aforementioned unfair competition.

5 | 135. Defendants have, or may have, acquired money by means of unfair competition.

6 | 136. Plaintiff is informed and believes and thereupon alleges that, by committing the

7 | Labor Code violations described in this complaint, Defendants violated Labor Code sections 215,

8 | 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the

9 | Labor Code violations mentioned herein.

10 | 137. Defendants have committed criminal conduct through their policies and practices of,

11 | *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt

12 | employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work

13 | period of five or more hours and by failing to pay non-exempt employee for all hours worked and

14 | by failing to reimburse them for all expenses.

15 | 138. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

16 | employees of Defendants and entitled to the full protections of both the Labor Code and the

17 | applicable Wage Order.

18 | 139. As stated above, Defendants have violated the Labor Code in multiple respects with

19 | regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages,

20 | failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide

21 | them with accurate wage statements, and failing to pay them all wages due upon separation of

22 | employment.

23 | 140. Defendants have, or may have, acquired money or property from **UCL Class**

24 | members by means of unfair competition in that Plaintiff is informed and believes and thereon

25 | alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium

26 | wages in for missed meal and/or rest periods.

27 | 141. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair

28 | competition within the meaning of Business and Professions Code sections 17200, *et seq.* Business

1  and Professions Code section 17200, *et seq.*, protects against unfair competition and allows a person

2  who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful,

3  or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly

4  situated persons in a class action proceeding.

5      142.    As a result of Defendants' violations of the Labor Code during the applicable

6  limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or

7  property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of

8  the aforementioned conduct.

9      143.    Plaintiff is informed and believes that other similarly situated persons have been

10 subject to the same unlawful policies or practices of Defendants.

11     144.    Due to its unfair and unlawful business practices in violation of the Labor Code as

12 alleged herein, Defendants have gained a competitive advantage over other comparable companies

13 doing business in the State of California that comply with their legal obligations under the Labor

14 Code.

15     145.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

16 herself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all

17 monies rightfully belonging to them that Defendants did not pay them or otherwise retained by

18 means of its unlawful and unfair business practices.

19     146.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or

20 the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover

21 reasonable attorneys' fees in connection with their unfair competition claims.

**NINTH CAUSE OF ACTION**

**CIVIL PENALTIES**

**(Lab. Code §§ 2698 *et seq.*)**

25     147.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26 herein.

27     148.    During the applicable limitations period, Defendants have violated Labor Code

28 sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198.

149.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

150.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

151.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

152.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198:

      A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194 and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

      B.    For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

      C.    For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

      D.    For violations of Labor Code section 223, $100 for each employee for each

1                   initial violation that was neither willful nor intentional, $200 for each

2                   employee, plus 25% of the amount unlawfully withheld from each employee,

3                   for each initial violation that was either willful or intentional, and $200 for

4                   each employee, plus 25% of the amount unlawfully withheld from each

5                   employee, for each subsequent violation, regardless of whether the

6                   subsequent violation was either willful or intentional (penalties set by Labor

7                   Code section 225.5);

8       E.      For violations of Labor Code section 226(a), if this action is deemed to be an

9                   initial citation, $250 for each employee for each violation.  Alternatively, if

10                 an initial citation or its equivalent occurred before the filing of this action,

11                 $1,000 for each employee for each violation (penalties set by Labor Code

12                 section 226.3);

13       F.      For violation of Labor Code sections 510 and 512, $50 for each employee for

14                 each initial pay period for which the employee was underpaid, and $100 for

15                 each employee for each subsequent pay period for which the employee was

16                 underpaid (penalties set by Labor Code section 558);

17       G.     For violations of Labor Code section 1197, $100 for each aggrieved

18                 employee for each initial violation of Labor Code section 1197 that was

19                 intentional, and $250 for each aggrieved employee per pay period for each

20                 subsequent violation of Labor Code section 1197, regardless of whether the

21                 initial violation was intentional (penalties set by Labor Code section 1197.1);

22       H.     Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable

23                 attorneys' fees and costs in connection with her claims for civil penalties.

24                       **PRAYER FOR RELIEF**

25         WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general

26 public, prays for relief and judgment against Defendants as follows:

27       A.     An order that the action be certified as a class action;

28       B.     An order that Plaintiff be appointed class representative;

1      C.      An order that counsel for Plaintiff be appointed class counsel;

2      D.      Unpaid Wages;

3      E.      Actual Damages;

4      F.      Liquidated Damages;

5      G.      Restitution;

6      H.      Declaratory relief;

7      I.      Pre-judgment interest;

8      J.      Statutory penalties;

9      K.      Civil penalties;

10      L.      Costs of suit;

11      M.      Reasonable attorneys' fees; and

12      N.      Such other relief as the Court deems just and proper.

13      **<ins>DEMAND FOR JURY TRIAL</ins>**

14      Plaintiff, on behalf of herself, all others similarly situated, and the general public, hereby

15 demands a jury trial on all issues so triable.

16

17 DATED: November 4, 2019           SETAREH LAW GROUP

18

19

20                         */s/ Shaun Setareh*
                            SHAUN SETAREH

21                         Attorneys for Plaintiff
                           PATRICIA A. PEREZ

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT