MORGAN, LEWIS & BOCKIUS LLP
Melinda S. Riechert, Bar No. 65504
melinda.riechert@morganlewis.com
Aleksandr Markelov, Bar No. 319235
Aleksandr.markelov@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendants
DXC TECHNOLOGY SERVICES LLC;
HEWLETT PACKARD ENTERPRISE COMPANY;
ENTERPRISE SERVICES LLC; AND HP
ENTERPRISE SERVICES, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA A. PEREZ,<br><br>     Plaintiff,<br><br>    vs.<br><br>DXC TECHNOLOGY SERVICES LLC, a Delaware limited liability company; HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation; HP COMPUTING AND PRINTING INC., a Delaware corporation; COMPUTER SCIENCES CORPORATION, a Nevada corporation; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. 5:17-cv-06066-BLF<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[F.R.C.P. Rules 12(b)(1), 12(b)(6)]**<br><br>Date:   March 19, 2020<br>Time:   9:00 a.m.<br>Courtroom:  3, 5th Floor<br>Judge:  Honorable Beth Labson Freeman<br><br>Complaint Filed: October 10, 2017<br>SAC Filed:  November 20, 2019 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

## NOTICE OF MOTION AND MOTION

**NOTICE IS HEREBY GIVEN** that on March 19, 2020 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-referenced Court, located at 280 South First Street, San Jose, California, 95113, Courtroom 3, 5th Floor, the remaining Defendants in this case, DXC Technology Services LLC ("DXC"), Hewlett Packard Enterprise Company ("HPE"), Enterprise Services LLC ("ES"), and HP Enterprise Services, LLC ("HPES") (collectively, "Defendants"), will and hereby do move this Court pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order (1) dismissing all of the claims against Defendants DXC and HPE in Plaintiff's Second Amended Complaint ("SAC") and (2) dismissing the Private Attorneys General Act ("PAGA") claim against all Defendants.  Specifically:

1.      Defendants DXC and HPE move to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(6) on the grounds that neither of these entities employed Plaintiff Perez. Because the California Labor Code, Fair Labor Standards Act ("FLSA"), and PAGA claims that Plaintiff asserts against these Defendants can only be maintained against Plaintiff's employers— HPES and ES—all of Plaintiff's claims against DXC and HPE fail as a matter of law and must be dismissed.  *See*, *e.g.*, *Post v. Palo/Haklar Associates*, 23 Cal. 4th 942, 931 (2000); *Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1423 (2010).  Defendants DXC and HPE also move to dismiss the competition claims that are derivative of these labor claims.

2.      Defendants DXC and HPE move to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(1) given that Plaintiff lacks standing to maintain this action against entities that never employed her.

3.      Additionally, Defendants move to dismiss Plaintiff's PAGA claim (Ninth Claim) in its entirety against DXC and HPE because they were not her employer, and against HPES and ES, who were not named in the letter to the LWDA, for failure to adequately plead exhaustion and failure to exhaust administrative remedies as required by Lab. Code § 2699.3.  Alternatively, Defendants move to dismiss or strike the PAGA claim insofar as it is based on a violation of Labor Code 212, which was not mentioned in the letter to the LWDA, for failure to adequately plead exhaustion and failure to exhaust administrative remedies.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

1

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

1    Defendants' Motion is based upon this Notice of Motion and Motion, the accompanying

2  Memorandum of Points and Authorities, Request for Judicial Notice, the pleadings and records on

3  file in this action, and such further evidence and argument as may be presented to the Court at the

4  time of hearing.

5

6  Dated: December 18, 2019                          MORGAN, LEWIS & BOCKIUS LLP

7

8

9                                            By   */s/ Melinda S. Riechert*
                                                   Melinda S. Riechert
10                                                 Aleksandr Markelov
                                                   Attorneys for Defendants
11                                                 DXC TECHNOLOGY SERVICES LLC;
                                                   HEWLETT PACKARD ENTERPRISE
12                                                 COMPANY; ENTERPRISE SERVICES
                                                   LLC; AND HP ENTERPRISE
13                                                 SERVICES, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

2

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.**   <u>**INTRODUCTION**</u>

3

Of the four remaining Defendants in this case, Plaintiff was employed by only two:

4   Enterprise Services LLC ("ES") and newly added HP Enterprise Services, LLC ("HPES").  The

5   Court should grant the Motion to Dismiss the other two Defendants, DXC Technology Services

6   LLC ("DXC") and Hewlett Packard Enterprise Company ("HPE"), because Plaintiff was never

7   employed by either of them, and the Second Amended Complaint does not allege that either

8   company ever employed her.  Thus, DXC and HPE cannot be liable to Plaintiff as a matter of law

9   and the Court should dismiss all claims against these entities.

10

Additionally, the Court should dismiss Plaintiff's claims under the Private Attorneys

11   General Act ("PAGA") (Ninth Claim) against all Defendants. Plaintiff failed to exhaust her

12   administrative remedies against the two named Defendants who were her employers, and she

13   cannot state a PAGA claim against the other two Defendants who were not her employers. In the

14   alternative, the Court should dismiss or strike the PAGA claim based on a violation of Labor

15   Code Section 212, since this code section was never mentioned in Plaintiff's letter to the Labor

16   and Workforce Development Agency.

17

**II.**   <u>**ARGUMENT**</u>

18

**A.**   <u>**Legal Standard**</u>

19

A motion to dismiss under Rule 12(b)(6) is proper where the pleadings fail to state a claim

20   upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain

21   sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

22   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing and quoting *Bell Atlantic Corp. v. Twombly*,

23   550 U.S. 544, 555-56, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

24   factual content that allows the court to draw the reasonable inference that the defendant is liable

25   for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the

26   elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

27   556 U.S. at 678.  And the court need not accept as true "legal conclusions merely because they

28   are cast in the form of factual allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

1

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

1136, 1139 (9th Cir. 2003) (citation omitted).  On a motion to dismiss, courts generally consider the face of the complaint and matters judicially noticeable.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (noting that courts may "consider materials incorporated into the complaint," where "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance"); *U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (noting that judicial notice is appropriate for records of administrative bodies).

**B.      Plaintiff Cannot State Claims Against Entities for Whom She Never Worked.**

Plaintiff has failed to state a claim—and is unable to state a claim—against DXC and HPE under either California law or the FLSA because in fact she was never employed by these entities, and her SAC fails to allege that these entities employed her.

Under California law, "an employment relationship must exist in order for the California wage orders or the provisions of the Labor Code governing wages . . . to be applicable." *Post v. Palo/Haklar Associates*, 23 Cal. 4th 942, 931 (2000) (citing 1 Wilcox, Cal. Employment Law § 1.04[1][a], p. 1-9 (2000)).  "[N]o generally applicable rule of law imposes on anyone other than an *employer* a duty to pay wages." *Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1423 (2010) (emphasis in original) (citing *Martinez v. Combs*, 49 Cal. 4th 35, 49 (2010)).  The obligation to pay wages pursuant to the Labor Code "rests with the employer."  DLSE Opinion Letter 2002.06.28. Every Labor Code section that Plaintiff relies on requires an employment relationship between an employee and his or her employer.  *See, e.g.*, Cal. Lab. Code § 204 ("All wages . . . earned by any person in any *employment* are due and payable twice during each calendar month, on days designated in advance by the *employer* as the regular paydays."); Cal. Lab. Code § 223 ("Where any statute or contract requires an *employer* to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."); Cal. Lab. Code § 226.7 ("An *employer* shall not require an *employee* to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission."); Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY
DB2/ 37988788.1

2

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

1   Lab. Code § 226 ("An *employer*, semimonthly or at the time of each payment of wages, shall

2   furnish to his or her *employee* . . . an accurate itemized statement in writing.") (emphasis added).

3          Similarly, with respect to Federal law, Plaintiff has failed to state a claim against DXC

4   and HPE under the FLSA because she was never employed by these entities and her SAC fails to

5   allege these entities employed her.  An employment relationship must exist in order for the FLSA

6   to be applicable.  *See, e.g.*, *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295

7   (1985).  Under the FLSA, an employer is "any person acting directly or indirectly in the interest

8   of an employer in relation to an employee."  29 U.S.C. § 203(d).  In deciding whether an

9   employer-employee relationship exists under the FLSA, courts apply an "economic reality" test

10  that examines "whether the alleged employer (1) had the power to hire and fire the employees, (2)

11  supervised and controlled employee work schedules or conditions of employment, (3) determined

12  the rate and method of payment, and (4) maintained employment records."  *Bonnette v. California*

13  *Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983).

14         An "employer" is "any person . . . who directly or indirectly, or through an agent or any

15  other person, employs or exercises control over the wages, hours, or working conditions of any

16  person."  IWC Wage Order 4 (2001); 8 Cal. C. Regs. § 11140; DLSE Opinion Letter 2002.06.28.

17  Of the four remaining Defendants in this case, Plaintiff was employed by only two: ES and newly

18  added HPES.  Plaintiff's SAC contains no allegation that she ever worked for DXC or HPE, or

19  that they employed her or exercised control over her wages, hours, or working conditions in any

20  way, had the power to fire her, supervise or control her work schedules or conditions of

21  employment, determine the rate and method of her payment, or maintain her employment records.

22         Plaintiff alleges she was hired by "Defendants' predecessors."  Dkt. 48, p. 6, ¶ 22.

23  However, even if this was true (it is not), this allegation cannot cure the defect that Plaintiff was

24  never an employee of DXC or HPE.  Indeed, a successor can only be held liable for a

25  predecessor's liabilities in limited situations, which must be pleaded, and include situations where

26  "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a

27  consolidation or merger of the two corporations, (3) the purchasing corporation is a mere

28  continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

3

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

purpose of escaping liability for the seller's debts." *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977). Here, Plaintiff has not alleged any facts supporting a plausible inference that the present case falls within any of the limited successor-liability situations.  Plaintiff therefore cannot assert claims under the Labor Code or the FLSA against DXC or HPE because they were never her employers, and the Court should dismiss Plaintiff's claims and the derivative Unfair Business Competition claim against them.

### C.   Since Plaintiff Was Not Employed by DXC or HPE She Lacks Standing to Maintain Claims on Behalf of Current and Former Employees of These Defendants.

It is well established that a plaintiff cannot rely on a class or collective action to obtain standing in order to assert claims that she cannot herself assert.  Indeed, the Supreme Court has repeatedly held that the plaintiff must have been personally injured by the defendant and, further, that class allegations cannot cure a plaintiff's lack of standing.  *See, e.g.*, *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003) (named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975))); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

Where, as here, a plaintiff was not employed by a defendant, her claims must be dismissed for lack of standing because she cannot show the requisite harm.  *See, e.g.*, *Akaosugi v. Benihana Nat. Corp.*, No. C 11-01272 WHA, 2011 WL 5444265 at *3 (holding the named plaintiffs in putative class action did not have standing to bring wage and hour claims against the primary defendant's subsidiaries on a joint-employer liability theory); *Henry v. Circus Casinos, Inc.*, 223

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

4

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

1   F.R.D. 541, 544 (D. Nev. 2004) (granting motion to dismiss because "to establish Article III

2   standing in a class action, at least one named plaintiff must have standing in his own right to

3   assert a claim against each named defendant before he may purport to represent a class claim

4   against that defendant").  Because Plaintiff cannot allege she was personally harmed by DXC or

5   HPE, she lacks standing to maintain her claims against these defendants and the Court should

6   dismiss Plaintiff's claims as to these entities.

7        **D.    Plaintiff Failed Adequately to Plead A Claim under PAGA against**
        **Defendants.**

8

9        For the reasons stated above, Plaintiff's claim for PAGA penalties against DXC and HPE

10  is improper since they were not her employers, and the SAC does not allege that they were.

11       With respect to the defendants who were her employers, HPES and ES, Plaintiff fails to

12  state a claim against them under PAGA because they were not named in her letter to the Labor

13  and Workforce Development Agency ("LWDA").  In order to bring a private suit for civil

14  penalties under PAGA, a plaintiff is required to send notice to the LWDA and the employer *prior*

15  to filing suit; such notices must contain allegations of a violation of each of the Labor Code

16  provisions she intends to pursue against that employer, and the facts and theories to support the

17  alleged violations.  Cal. Lab. Code § 2699.3(a), (c).  Only if the LWDA decides not to investigate

18  the plaintiff's claims can Plaintiff file a civil action to recover penalties for violations of the

19  Labor Code provisions included in the PAGA notice.  Cal. Lab. Code § 2699(a).  To ensure that

20  these requirements are met, the complaint must contain specific allegations of compliance with

21  the PAGA notice, including when the plaintiff sent the notice to the LWDA, what response she

22  received from the LWDA, and how long she waited before commencing the action.  *See, e.g.*,

23  *Kemp v. Int'l Bus. Machines Corp.*, No. C–09–4683 MHP, 2010 WL 4698490, at *3 (N.D. Cal.

24  Nov. 8, 2010) ("A plaintiff cannot overcome his or her burden on a motion to dismiss merely by

25  asserting a legal conclusion regarding necessary aspects of his or her claim.").

26       Plaintiff failed to exhaust her administrative remedies under PAGA as to HPES and ES

27  because her letter to the LWDA fails to mention either entity.  *See* Request for Judicial Notice

28  ("RJN"), Ex. 1.  As such, Plaintiff's letter to the LWDA does not satisfy the statute's

5                          DEFENDANTS' MOTION TO DISMISS SAC
                                   5:17-CV-06066-BLF

requirements. *See Pena v. Taylor Farms Pacific, Inc.*, No. 2:13–CV–01282–KJM–AC, 2014 WL 1665231, at *5 (E.D. Cal. Apr. 23, 2014) (barring the plaintiffs' PAGA claims against a newly added defendant because "[a]lthough the court [was] cognizant that at the time notice was provided the only alleged employer was TFP, plaintiffs should have provided notice to both the LWDA and the substituted employers…"). As a result, Plaintiff has not satisfied her pleading requirements and the PAGA claim must be dismissed against HPES and ES. *See Kemp*, 2010 WL 4698490, at *3 (dismissing PAGA claims because the plaintiff "insufficiently pled compliance with PAGA's administrative requirements").

Plaintiff cannot save her PAGA claim now by filing a new PAGA notice naming HPES and ES.

> Allowing equitable tolling to preserve PAGA claims where a plaintiff failed to file an adequate section 2699.3 notice for years is inconsistent with the text and purpose of section 2699.3, subdivision (a) and would defeat the entire purpose of PAGA. If a plaintiff could wait many years to assert violations of the Labor Code or amend deficient notices, the LWDA would be hard pressed to make an informed decision about allocating scarce resources to old violations, the employer would be faced with responding based on stale evidence, and workplace violations could continue for years without being remediated or deterred.

*Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 840–41 (2018).

Accordingly, the Court should dismiss Plaintiff's PAGA claim with prejudice.

**E.** **Plaintiff Cannot State A Claim Under PAGA For Violation Of Labor Code 212 Since Her LWDA Letter Failed To Mention This Labor Code Provision.**

Plaintiff cannot recover penalties under the PAGA based upon "specific sections" of the Labor Code not included in her written pre-filing notice to the LWDA. The PAGA statute clearly and unambiguously required Plaintiff to cite the specific provisions of the Labor Code she claimed Defendants violated. Specifically, Labor Code Section 2699.3(a)(1)(A) states (emphasis added):

> (a)  A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 ***shall commence only after*** the following requirements have been met:
>
> (1)(A)  The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of ***the specific provisions of this code alleged to have been violated***, including the facts and theories to support the alleged violation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

6

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

Courts have dismissed PAGA claims based on deficient notices to the LWDA where the notice failed to refer to specific Labor Code sections as required by Labor Code section 2699.3(a)(1)(A).  *See, e.g.*, *Stevens v. Datascan Field Servs. LLC*, No. 2:15-CV-00839, 2016 WL 627362, at *3-4 (E.D. Cal. Feb. 17, 2016) (holding plaintiff failed to satisfy PAGA's requirements as to certain Labor Code sections that were included for the first time in plaintiff's first amended complaint, but which were not included in the plaintiff's written notice to the LWDA); *Soto v. Castlerock Farming & Transp. Inc*., No. CIV-F-09-0701 AWI, 2012 WL 1292519, at *8 (E.D. Cal. Apr. 16, 2012) (dismissing PAGA claim for failure to exhaust administrative remedies, and noting that the "Ninth Circuit requires an exceedingly detailed level of specificity" in PAGA letters); *Stoddart v. Express Services, Inc*., No. 2:12-CV-01054-KJM, 2015 WL 5522142 (E.D. Cal. Sept. 16, 2015) ("PAGA claims are limited to the specific theories identified in a prior LWDA notice letter.  Setting forth a violation based on one theory does not satisfy the notice requirement as to a violation of even the same code section under a different theory."); *Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750, 2013 WL 3887873, at *5 (C.D. Cal. Jul. 3, 2013) ("[A]llowing an amended notice to be submitted after the civil action has already been filed defeats the very purpose of the exhaustion requirement, which is to give the LWDA the opportunity to make an informed decision about whether to pursue the matter itself."); *Wong v. AT&T Mobility Servs. LLC*, No. CV 10-8869, 2012 WL 8527485, *2 (C.D. Cal. July 2, 2012); *Amey v. Cinemark USA Inc.*, No. 130-cv-005669, 2015 WL 2251504, n. 12 (N.D. Cal. May 13, 2015) (same).

Here, Plaintiff's PAGA letter did not identify or refer to Labor Code section 212, even though her SAC purports to assert a PAGA claim based on a violation of Labor Code 212.  *See* RJN, Ex. 1 and Dkt. 48, at p. 26, ¶ 152.  Thus, Plaintiff cannot pursue PAGA penalties based on Labor Code section 212 because her letter to the LWDA failed to identify this specific section and failed to put the LWDA and Defendants on notice that Plaintiff planned to recover PAGA penalties based upon alleged violations of Labor Code section 212.  Accordingly, Plaintiff's request for PAGA penalties based on purported violations of Labor Code section 212 should be dismissed or stricken without leave to amend her PAGA notice.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

7

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF

1    **III.    <u>CONCLUSION</u>**

2         For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss all

3    claims against DXC and HPE because they were not Plaintiff's employer, and the SAC does not

4    allege that they were.  The Court should grant Defendants' Motion to Dismiss Plaintiff's PAGA

5    claim because DXC and HPE were not Plaintiff's employers, and because HPES and ES were not

6    named in the letter to the LWDA.

7
     Dated: December 18, 2019                    MORGAN, LEWIS & BOCKIUS LLP
8

9

10                                         By    _/s/ Melinda S. Riechert_
                                                Melinda S. Riechert
11                                              Aleksandr Markelov
                                                Attorneys for Defendants
12                                              DXC TECHNOLOGY SERVICES LLC;
                                                HEWLETT PACKARD ENTERPRISE
13                                              COMPANY; ENTERPRISE SERVICES
                                                LLC; AND HP ENTERPRISE
14                                              SERVICES, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DB2/ 37988788.1

8

DEFENDANTS' MOTION TO DISMISS SAC
5:17-CV-06066-BLF