UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA A. PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DXC TECHNOLOGY SERVICES LLC, et al.,<br><br>        Defendants. | Case No. 17-cv-06066-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 49] |

Plaintiff Patricia A. Perez brings this putative class action against DXC Technology Services LLC ("DXC"), Hewlett Packard Enterprise Company ("HPE"), HP Enterprise Services, LLC ("HPES"), and Enterprise Services, LLC ("ES") (together, "Defendants") alleging that Defendants failed to pay Plaintiff and all putative class action members for all hours worked in violation of the Fair Labor Standards Act ("FLSA") and for violations of various California wage and hour laws. *See* Second Amended Complaint ("SAC"), ECF 48. Before the Court is Defendants' motion to dismiss (1) all of Plaintiff's claims against Defendants DXC and HPE and (2) Plaintiff's ninth cause of action for civil penalties pursuant to the Private Attorneys General Act ("PAGA") against all Defendants. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), ECF 49. For the reasons discussed below, the Court GRANTS Defendants' Motion to Dismiss WITH LEAVE TO AMEND.

I.  **BACKGROUND**

Plaintiff alleges that on or about June 23, 2003, she was hired by "Defendants' predecessors" as "an hourly, non-exempt employee who worked in California." SAC ¶ 22. Plaintiff claims that she and the putative class members "were misclassified as exempt employees when in fact they were non-exempt employees." *Id.* ¶ 23. Plaintiff's job duties included "reviewing a customer's scope of

work, determining products and services that will meet the scope of work needed by the customer, and pricing the entire purchase." *Id.* According to Plaintiff, even though she and the putative class members worked more than eight hours each workday and more than forty hours a week, they did not receive overtime compensation. *Id.* ¶ 24. Plaintiff further alleges that she and the putative class were not provided with meal or rest periods and that they were required to work through these periods to complete work on time. *Id.* ¶¶ 27-30. Plaintiff also claims that Defendants "maintained policies that provide for the unlawful forfeiture of vested vacation pay." *Id.* ¶¶ 33-35. Consequently, Plaintiff claims that she and the putative class members "were not provided with accurate wage statements." *Id.* ¶¶ 36-41.

On October 10, 2017, Plaintiff filed this suit in Santa Clara Superior Court. Not. of Removal, ECF 1. On October 23, 2017, Defendants removed the action on federal question grounds citing the Federal Fair Labor Standards Act claim. *Id.* On December 15, 2017, Plaintiff filed a first amended complaint, adding a cause of action for civil penalties pursuant to the PAGA (Cal. Lab. Code §§ 2698, *et seq.*). ECF 18. On January 16, 2018, Defendants filed a motion to dismiss on the ground that Plaintiff was not employed by several of the named defendants. ECF 20. On March 6, 2018, the parties stipulated to (1) participating in private mediation, (2) terminating the pending motion to dismiss, and (3) staying the litigation pending mediation. ECF 25. By February 12, 2019, mediation efforts fell apart, yet the parties stipulated to a continued stay to continue their settlement discussions. ECF 32. The most recent stay expired on April 30, 2019 without a settlement. *See* ECF 37. On December 10, 2019, Plaintiff filed a second amended complaint asserting nine causes of action on behalf of herself, six putative classes and four putative sub-classes. *See generally*, SAC. On December 18, 2019, Defendants filed this motion to dismiss. Motion.

**II. LEGAL STANDARD**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff.

2

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. REQUESTS FOR JUDICIAL NOTICE

Ordinarily, a district court's inquiry on a Rule 12(b)(6) motion to dismiss is limited to the pleadings. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Indisputable facts are those that are "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*

Defendants request that this Court take judicial notice of the contents of Plaintiff's letter to the California Labor and Workforce Development Agency regarding Plaintiff's intent to pursue PAGA claims, dated October 6, 2017. ECF 50, ECF 50-1 (the "PAGA Notice"). Plaintiff has not opposed the request. The Court finds that the PAGA Notice is properly subject to judicial notice. The PAGA Notice is incorporated by reference into the SAC. *See* SAC ¶ 151 ("Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3."). The "incorporation by reference" doctrine permits the Court to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal citations omitted). Courts routinely take judicial notice of PAGA notices at the

3

motion to dismiss stage. *See, e.g., Gunn v. Family Dollar Stores, Inc.*, No. 3:14-CV-1916-GPC-BGS, 2016 WL 7030363, at *2 (S.D. Cal. Dec. 2, 2016) (granting defendant's request for judicial notice "[b]ecause Plaintiff's PAGA claim depends upon the sufficiency of the letter's content and because Plaintiff does not dispute the authenticity of the document."). Defendants' request for judicial notice is GRANTED.

Plaintiff requests that this Court take judicial notice of (1) HP Enterprise Services, LLC's Name Change Form filed with the Secretary of State, for the State of California on January 6, 2017 and (2) Enterprise Services LLC's Name Change Form filed with the Secretary of State, for the State of California on November 28, 2018. ECF 57. Defendants have not opposed. Judicial notice is appropriate for the requested documents as matters of public record. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988). Plaintiff's request for judicial notice is GRANTED.

## IV. DISCUSSION

Defendants seek to dismiss all claims asserted against Defendants DXC and HPE. Motion at 1. Further, Defendants move to dismiss Plaintiff's PAGA claim against all Defendants. *Id.*

### A. Motion to Dismiss All Claims against DXC and HPE

Defendants move to dismiss all claims against Defendants DXC and HPE because while Plaintiff was employed by Defendants HPES and ES, she was ***not*** an employee of Defendants DXC or HPE. Motion at 1. Plaintiff does not dispute that an employment relationship is necessary for her claims, but argues that she has sufficiently pleaded that she was employed by all Defendants. Plaintiff's Opposition to Defendants' Motion ("Opp'n") at 6-7. For support, Plaintiff cites to the following allegations in the SAC:

- "Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants." SAC ¶ 11.
- "Plaintiff was hired by Defendants' predecessors sometime on or about June 23, 2003 as an hourly, non-exempt employee who worked in California." SAC ¶ 22.
- "At all relevant times, Plaintiff and the [putative class] members have been non-

4

1     exempt employees of Defendants ….." SAC ¶¶ 43, 58, 71.

Plaintiff further asserts that "Defendants all originate either with Hewlett Packard or a merger of one company with a part of Hewlett Packard." Opp'n at 1. Thus, Plaintiff argues that "Defendants jointly employed Plaintiff." *Id.* at 4. Defendants reply that Plaintiff has failed to plead factual allegations sufficient to state a claim against DXC and HPE. Reply at 1, ECF 58. Defendants argue that the SAC "merely makes conclusory and generic allegations that 'Defendants' lumped together as a group employed her, without any specific, substantive factual allegations against Defendants DXC or HPE." Reply at 2.

The Court agrees with Defendants. Under California law, "an employment relationship must exist in order for the California wage orders or the provisions of the Labor Code governing wages . . . to be applicable." *Post v. Palo/Haklar Associates*, 23 Cal. 4th 942, 931 (2000) (citing 1 Wilcox, Cal. Employment Law § 1.04[1][a], p. 1-9 (2000)). Thus, the employment relationship must be sufficiently pleaded to state a plausible claim against each Defendant. It is not enough for Plaintiff to make conclusory allegations by lumping all Defendants together and generally alleging that she and the putative class members "have been non-exempt employees of Defendants." *See* SAC ¶¶ 43, 58, 71; *see also Silvia v. Verizon Commc'ns, Inc.*, No. 15-cv-04677-PSG, 2016 WL 1070668, at *2 (N.D. Cal. Mar. 18, 2016) (dismissing wage and hour claims and finding the "uniform treatment of all Defendants" to be the "main defect" where "the complaint sa[id] only that Plaintiffs were 'employees of Defendants,' 'employed by Defendants' and 'hired by Defendants.'").

Plaintiff correctly notes that "joint employer status has long been recognized in wage and hour suits." Opp'n at 1. Plaintiff has failed, however, to sufficiently plead that DXC and HPE were her joint employers. "Two or more employers may jointly employ someone for purposes of the FLSA." *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983) *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, (1985); *see also Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 994 (N.D. Cal. 2015) (joint employer doctrine available under both the Fair Labor Standards Act and California's labor laws). To determine whether a second entity is a "joint employer," courts examine the employment relationship under certain tests (*e.g.*, "economic reality" test) applicable in the Ninth Circuit. *See*

5

*Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, No. 15-CV-04456-PJH, 2018 WL 934545, at *3-4 (N.D. Cal. Feb. 16, 2018) (describing the joint employer tests applied in the Ninth Circuit).

Plaintiff's SAC is devoid of any facts to make a plausible claim that a joint employment relationship existed among Defendants (*e.g.*, did DXC and HPE have the power to hire and fire Plaintiff?). Plaintiff's conclusory allegations that all "Defendants" employed her and the putative class members are not sufficient. *See Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 942-46 (N.D. Cal. 2019) (granting motion to dismiss FLSA claims where the factual allegations did not support a finding of joint employment relationship); *Bravo v. On Delivery Servs., LLC*, No. 18-CV-01913-EMC, 2018 WL 2387835, at *1 (N.D. Cal. May 25, 2018) (granting motion to dismiss because there were "no factual allegations in the complaint regarding the nature of the alleged joint relationship"). In short, Plaintiff's "joint employer" theory is not sufficiently pleaded.

Plaintiff's allegation that she "was hired by Defendants' predecessors" is similarly deficient. *See* SAC ¶ 22. First, the SAC fails to identify "Defendants' predecessor" (who allegedly hired Plaintiff) or explain how that "predecessor" is related to each of the Defendants. Second, the SAC lacks any factual allegations whatsoever to state a plausible claim against a parent or successor company. "Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result." *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998). Thus, "[a]n employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law." *Id.*; *see also Trosper v. Stryker Corp.*, No. 13-CV-0607-LHK, 2014 WL 1619052, at *4 (N.D. Cal. Apr. 22, 2014) (explaining the "integrated enterprise" factors applicable in determining whether two entities are liable as a single employer).

The Court notes that in her Opposition brief, Plaintiff attempts to describe the relationship among Defendants, their predecessors, and Plaintiff's current employer. Opp'n at 3. Plaintiff also asserts that her "paystubs included HPE's Logo" and the she was "subject to policies and practices" of HPE and DXC. *Id.* at 3-4. The Court rejects these arguments wholesale because none of the

6

facts asserted are included in the SAC. *See Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). That said, the Court has considered the facts raised for the first time in plaintiff's opposition papers in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001).

\*\*\*

For the foregoing reasons, the Court GRANTS Defendants' Motion to dismiss all claims against DXC and HPE WITH LEAVE TO AMEND. If Plaintiff amends, she must allege specific facts establishing a plausible claim that DXC or HPE (or both) either employed Plaintiff and the putative class members or that they are liable under another theory of liability (*e.g.*, joint employer).

### B. Motion to Dismiss PAGA Claims

Defendants argue that Plaintiff's PAGA claim should be dismissed against all Defendants because "Plaintiff failed to exhaust her administrative remedies against the two named Defendants who were her employers, and she cannot state a PAGA claim against the other two Defendants who were not her employers." Motion at 1. Plaintiff responds that she is able to cure "the administrative exhaustion issue" through an amended complaint and another PAGA notice. Opp'n at 1, 7-8. Plaintiff claims that she is currently "employed by Defendants under the new name of Perspecta Enterprise Solutions, LLC." Opp'n at 4. Defendants reply that Plaintiff is unable to cure her failure to exhaust administrative remedies because "PAGA has a one-year statute of limitations and Plaintiff has already been an employee of Prespecta since March 2018, much longer than one year." Reply at 9 (citing Opp'n at 4-5; ECF 56-2; ECF 56-6). According to Defendants, Perspecta is an independent publicly traded company that is not the same legal entity as Defendants HPES or ES (Plaintiff's employers). *Id.* at 10.

Defendants might be correct – but Perspecta is neither a party to this lawsuit nor is it mentioned in the SAC. Thus, the Court is not inclined to rule on the relationship between Perspecta and Defendants on this record. Plaintiff appears to concede that the PAGA claim in the SAC is

7

deficient with respect to the exhaustion of administrative remedies. But she nevertheless believes that she can cure those deficiencies. The Court GRANTS Defendants' Motion to Dismiss the PAGA claim as to all Defendants WITH LEAVE TO AMEND. If Plaintiff amends, she must plead sufficient facts to establish a plausible claim that she has exhausted all administrative remedies as to each Defendant. *See* Cal. Lab. Code § 2699.3 (requiring that a civil action by an aggrieved employee shall commence only after the aggrieved employee gives "notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of the code alleged to have been violated, including the facts and theories to support the violation").

## V. ORDER

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss at ECF 49 WITH LEAVE TO AMEND. Any amended complaint is due by **May 15, 2020**. Plaintiff is directed to file a redlined complaint as an attachment to her third amended complaint, comparing the SAC to the third amended complaint. Leave to amend is restricted to the defects discussed in this Order and in Defendants' Motion; Plaintiff may not add new parties or claims without obtaining prior express leave of the Court. The Court is mindful that Plaintiff has had several opportunities to name the correct defendants and adequately plead facts that would state a plausible claim. Accordingly, the third amended complaint will be Plaintiff's final opportunity to cure the defects in her complaint.

**IT IS SO ORDERED.**

Dated: March 31, 2020

_____
BETH LABSON FREEMAN
United States District Judge